[No. 34002. Department Two. October 23, 1956.]

THE STATE OF WASHINGTON, *Petitioner*, v. JACK C. HATCHARD *et al.*, *Respondents*, EDWARD GACEK *et al.*, *Respondents and Relators*, THE SUPERIOR COURT FOR PACIFIC COUNTY, *Warner Poyhonen, Judge, Respondent.*[1]

[1]Reported in 302 P. (2d) 478.

*Fred M. Bond* and *James E. Duree,* for respondents and relators.

*The Attorney General* and *Newell Smith, Assistant,* for petitioner.

WEAVER, J.—The state of Washington commenced this eminent domain proceeding to acquire approximately one and seven-tenths acres of land owned by relators. It is alleged that the acquisition of this land is necessary for a public use—"the construction, maintenance and operation of public highways."

After trial, the court entered an order adjudicating public use. Relators seek a review of this order by writ of certiorari. Their three assignments of error present two questions: is there sufficient evidence to warrant the trial court's order of public use, and is the action of the highway department arbitrary?

The state presented in evidence a highway map, certified by the state director of highways that it represented the area selected for highway purposes and that he

"  .   .   . authorized and directed the institution of condemnation proceedings to secure the necessary rights of way for said highway so located and selected."

The district construction engineer of the state highway department testified that a portion of primary state highway No. 13, which abuts relators' property, "has been sliding out for a number of years"; that the slide has taken the shoulder of the highway and part of the pavement; that a shear log has been in place along the roadway for the

past two years to protect traffic; that any further movement of the bank will increase the danger to traffic; that, by building an embankment along the toe of the slide, a counterbalance will be established which will prevent further movement of the slide area; that use of the described portion of relators' property is necessary in order to thus protect the existing condition of the highway.

This meets the required test (1) that the use is really a public use; (2) that the public interest requires it; and (3) that the property appropriated is necessary for the purpose. *State ex rel. Bremerton Bridge Co. v. Superior Court*, 194 Wash. 7, 18, 76 P. (2d) 990 (1938), and cases cited.

■ Relators argue that the action of the highway department is arbitrary, because (1) it will not remedy the dangerous condition of the highway but, at most, only prevent it from worsening; (2) the real purpose of the "counterbalance" is to remove the pressure of the slide from a water main which crosses the slide area (this is denied); and (3) the present road will probably be abandoned in two or three years when a new highway is constructed. We do not agree.

These facts, if true, raise questions of policy for determination by the administrative agency. In the absence of proof of fraud or bad faith, they do not lead to the conclusion that the action of the highway department is arbitrary.

■ We find no merit in relators' argument that the order of public use should be reversed, because the state did not allege and prove that a bona fide offer had been made to the property owner as a condition precedent to maintaining an action of eminent domain. RCW 8.04.010, which required that this be done, was amended by Laws of 1955, chapter 156, § 6, p. 682; RCW (Sup. 1955) 8.04.010. This requirement was omitted, and such allegation and proof are no longer conditions precedent to the maintenance of a condemnation action.

The order of public use is affirmed.

Donworth, C. J., Mallery, Hill, and Rosellini, JJ., concur.