[No. 34289.   Department One.   November 7, 1957.]

THE STATE OF WASHINGTON, *Petitioner*, v. EMERY C. SLATER *et al., Respondents and Relators*, THE SUPERIOR COURT FOR CHELAN COUNTY, *J. A. Adams, Judge, Respondent.*[1]

*Shiner & Arneil* and *Murray & Hanna*, for respondents and relators.

*The Attorney General, Donald E. Watson, John K. Pain, Jr.,* and *Paul L. Bonnell, Assistants*, for petitioner.

HILL, C. J.—This is a review by certiorari of an order of public use and necessity entered by the superior court of Chelan county in an action wherein the state of Washington

[1] Reported in 317 P. (2d) 519.

seeks to condemn a strip of land fifty feet in width to form a connection between Miller street, a county road, and primary state highway No. 2, a short distance from the Miller street intersection. The purpose of the acquisition is to relieve congestion at that intersection by a proper channelization of traffic. It was testified that accidents would thereby be reduced and the flow of traffic speeded.

The property owner does not deny that the property is to be put to a public use; that the public interest requires it; or that the property to be appropriated is necessary for the purpose. These are the tests which the court is to apply when determining whether an order of necessity and public use should be entered. *State v. Hatchard* (1956), 49 Wn. (2d) 442, 302 P. (2d) 478. The property owner concedes that either the state or the city could condemn the property for highway purposes. His objection to the order, which is here for review, is that it affirmatively appears that an agreement exists between the state and county that the roadway will be "accepted" by the county after the construction of the facility for which the property is being condemned, from which he contends that said roadway was never intended to be a part of the state highway system.

It seems to us that the authority of the state director of highways to make such an agreement with Chelan county is entirely separate and distinct from the state's right to condemn this property for the purpose indicated, and that right is not and cannot be denied.

If the state director of highways has authority to make such an agreement with a county and to carry it out, the property owner's objection is obviously without merit; if he does not have such authority, the fact that he has made an *ultra vires* agreement may prevent its execution, but it is no bar to the state doing what it is conceded it can do, *i. e.*, acquire the right-of-way and construct the facility to improve the channelization of traffic, reduce accidents, and speed the flow of traffic at the Miller street intersection. The trial court's order of public use and necessity must, under the admitted facts, be approved.

■ We have suggested, to make the strongest possible case for the property owner, the possibility that such an agreement as exists between Chelan county and the state of Washington, department of highways, may be beyond the power of the state highway director, but we hasten to add that the agreement seems to us entirely consistent with the power granted to the director of highways and the governing officials of the several counties by § 11, chapter 181, Laws of 1939, p. 558 (*cf.* RCW 36.75.030), which provides as follows:

"The power is hereby granted to the Director of Highways of the State of Washington and to the governing officials of the several counties of the state authorizing the Director of Highways and the governing officials of any county to enter into reciprocal public highway improvement and maintenance agreements, providing for cooperation either in the county assisting the Department of Highways in the improvement or maintenance of state highways, or the Department of Highways assisting the county in the improvement or maintenance of county roads, under any circumstance where a necessity appears therefor or where economy in public highway improvement and maintenance will be best served through the carrying out of such reciprocal agreements."

The property owner and the attorney general both seem to believe that there is an agreement that the roadway will be conveyed to the county after the state has acquired title by condemnation and constructed the facility. We find no evidence of such an agreement. The state nowhere agrees to convey anything. Chelan county

". . . agrees to accept and maintain the proposed connection to Miller Street opposite Maple Street upon the completion of construction by the State of Washington, Department of Highways."

We construe this to be no more than an acceptance by the county of the responsibility to maintain a portion of the state highway under the reciprocal agreement provisions of § 11, chapter 181, Laws of 1939, quoted, *supra.*

If and when the state of Washington endeavors to divest itself of title to the tract, which it is acquiring for highway

purposes by this condemnation, it will be time enough to consider its power and authority to do so.

We decide two things: (1) that the state can acquire the property in question for highway purposes, and (2) that the state, under § 11, chapter 181, Laws of 1939, can enter into a reciprocal public highway agreement with a county, whereby a county may accept the responsibility of maintaining a portion of a state highway.

MALLERY, FINLEY, WEAVER, and OTT, JJ., concur.